IN THE MATTER OF CARLTON L. JACOBS

No. 768DC925

(Filed 4 May 1977)

1. **Indictment and Warrant § 9; Infants § 10— juvenile petition — allegation of caption of ordinance**

   Respondent's motion to quash a juvenile petition which alleged a violation of "City Code 15-2" should have been allowed since the petition did not allege the caption of the city code as required by G.S. 160A-79.

2. **Arrest and Bail §§ 3.9, 6— warrantless arrest for misdemeanor — absence of probable cause — resisting arrest**

   An officer did not have probable cause to believe (1) that respondent had committed a misdemeanor and (2) that respondent would not be apprehended unless arrested immediately or that he might cause physical injury to himself, others or property where the officer answered a call concerning a disturbance at a bus station; upon arrival at the station the officer was told that there were two boys inside causing a disturbance, that they were using strong language and did not want to leave, and that the station manager wanted to sign papers against them; the officer did not observe respondent conduct himself in any manner indicating disorderly conduct; and the officer did not investigate any further before asking the respondent to come with him. Therefore, the officer's warrantless arrest of respondent was illegal, and respondent committed no offense when he resisted the illegal arrest.

APPEAL by respondent from *Pate, Judge.* Order entered 3 September 1976 in juvenile session of District Court, LENOIR County. Heard in the Court of Appeals 12 April 1977.

By two separate juvenile petitions, respondent was charged with using language calculated to bring on a breach of the peace and annoy the public, in violation of "City Code 15-2," and with resisting an officer, in violation of G.S. 14-223. Before his hearing, respondent moved to quash the petition under the city ordinance on the grounds that the petition did not adequately plead the caption of the city ordinance and on the grounds that the city ordinance was unconstitutional. The motion to quash was denied.

The State presented Officer Hollowell who testified that on 14 July 1976 he responded to a call notifying him of a disturbance at a bus station; that he was met by a Mr. Creech at the bus station and advised by Creech that two boys were causing

a disturbance inside; that Creech told him the boys were using abhorrent language and were refusing to leave; that he entered and found respondent talking with a lady behind a counter; that he told respondent that he would have to go downtown with him and respondent said that he was not going; that he took respondent by the arm and respondent pulled away from him; that a struggle followed as he attempted to get respondent out of the bus station and into the police car; that respondent struck him several times during the struggle; and that another officer then arrived to help him.

The State then presented Creech who testified that he entered the bus station on the late afternoon of 14 July 1976; that a ticket agent was selling a ticket to respondent and respondent's brother; that respondent walked to a cigarette machine and began "to carry on"; that respondent claimed to have lost 45¢ in the machine and threatened to tear up the machine; and that respondent started "using every kind of language you have ever heard."

Respondent's evidence tended to show that he lost money in the cigarette machine and that he cursed Creech and told him that he wanted his "damn money back," but that he did not use any language stronger than that.

At the close of evidence, respondent moved for a directed verdict of the city ordinance charge on the grounds previously stated and for a directed verdict of the G.S. 14-223 charge on the grounds that the officer had no authority to arrest him at the time since no crime had been committed in the officer's presence. The motion was denied. An order was then entered finding that respondent had committed the alleged acts, finding that respondent was a delinquent, and placing respondent on probation for two years.

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Jones & Wooten, by William F. Simpson, Jr., for the respondent.*

MARTIN, Judge.

[1]  Respondent contends that the court should have granted the motion to quash the juvenile petition based on the city code since (1) the petition did not plead the caption of the city code

In re Jacobs

as required by G.S. 160A-79 and (2) the ordinance is unconstitutionally vague and indefinite.

G.S. 160A-79 provides that, in all civil and criminal cases, a city ordinance that has been codified in a code of ordinances in compliance with G.S. 160A-77 must be pleaded by both section number and caption while a city ordinance that has not been codified must be pleaded by its caption.

The record in the instant case contains neither a caption nor a copy of the city ordinance and there is no indication that the ordinance was proven at the trial. It is therefore questionable as to whether the ordinance was properly pleaded in the juvenile petition.

G.S. 160A-79 (b) provides:

"Any of the following shall be admitted in evidence in all actions or proceedings before courts or administrative bodies and shall have the same force and effect as would an original ordinance:

(1) A city code adopted and issued in compliance with G.S. 160A-77, containing a statement that the code is published by order of the council.

                    *    *    *

(3) A copy of an ordinance as set out in the minutes, code, or ordinance book of the council certified under seal by the city clerk as a true copy (the clerk's certificate need not be authenticated)."

The ordinance was clearly not proven at trial and the record does not contain a caption. Respondent's motion to quash the petition based on violating "City Code 15-2" should have been allowed.

[2]    Respondent next contends the court erred in denying the motion for a directed verdict at the close of all the evidence. He argues that the officer had no grounds to arrest without a warrant and that respondent therefore committed no offense when he resisted the illegal arrest. We agree.

G.S. 15A-401 (b) (2) provides:

"Offense Out of Presence of Officer.—An officer may arrest without a warrant any person who the officer has probable cause to believe:

a. Has committed a felony; or

b. Has committed a misdemeanor, and:

    1. Will not be apprehended unless immediately arrested, or

    2. May cause physical injury to himself or others, or damage to property unless immediately arrested."

If, as in the case at bar, an officer attempts to arrest someone without a warrant for committing a misdemeanor out of his presence, then G.S. 15A-401 (b) (2) b. applies. This sub-section of the statute, as we interpret it, allows an officer to arrest without a warrant for a misdemeanor committed out of his presence *if* he has probable cause to believe (1) that the person has committed a misdemeanor *and* (2) that the person will not be apprehended unless he is immediately arrested *or* that the person may cause physical injury to himself, others, or property unless he is immediately arrested. Both of these probable cause requirements were lacking in the case at bar.

In regards to the first requirement, the record fails to reveal sufficient probable cause for the officer to believe that the respondent had committed a misdemeanor. The officer testified that he received a call concerning a disturbance at a bus station and, upon arriving, he was told by a Mr. Creech that ". . . there were two boys inside causing a disturbance"; that they ". . . were using strong language and did not want to leave"; and that he, Mr. Creech, wanted to ". . . sign papers against these two individuals for they would not leave, and for the fact that they were using this loud language." The officer further testified that his actions " . . . were based on information that Mr. Creech gave me when he told me that Carlton [respondent] had been disorderly and that he wanted to sign papers against Carlton." Other than these isolated portions of testimony, the trial record does not reveal any other evidence upon which the officer could have based probable cause to believe that the respondent had committed a misdemeanor. This testimony, without more, is not enough. In fact, the officer testified that when he arrived on the scene the respondent was merely involved in a conversation with the clerk working behind the counter; that he did not at any time observe the respondent conduct himself in any manner that would indicate disorderly conduct; and that he *did not investigate any further before*

_In re Jacobs_

asking the respondent to come with him. In light of this evidence, we conclude that the officer did not have sufficient probable cause, as required by the first requirement of G.S. 15A-401(b)(2)b., to believe that the respondent had committed a misdemeanor, and, therefore, he did not have grounds to arrest him without a warrant.

Even if we assume, _arguendo_, that the officer had probable cause to believe that the respondent had committed a misdemeanor, there still remains a second probable cause requirement which had to be fulfilled before he could make an arrest pursuant to G.S. 15A-401(b)(2)b. without a warrant. In order to effect a legal arrest under this sub-section of the statute, an officer must also have probable cause to believe that the respondent would not be apprehended unless arrested immediately _or_ probable cause to believe that he would cause physical injury to the property, himself, or others unless arrested immediately. G.S. 15A-401(b)(2)b.1. and 2. There is nothing in the record to indicate that the officer had sufficient information to believe either part of this latter requirement. In fact, the officer's own testimony was to the effect that the respondent ". . . did nothing in my presence to indicate disorderly conduct" and that when he went into the bus station, the respondent ". . . was just engaged in a conversation with [a lady behind the counter]." Thus, the evidence is insufficient to satisfy the second probable cause requirement.

The testimony of M. E. Creech reveals sufficient evidence upon which the officer could have had probable cause to arrest the respondent without a warrant. However, there is no indication that Creech gave the officer all of the same information. Based on the testimony in the record before us, we must conclude that the information known to the officer was not enough to establish the probable cause required by G.S. 15A-401(b)(2)b. Hence, he did not have grounds to arrest the respondent without a warrant.

Reversed.

Judges BRITT and PARKER concur.