IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-396

Filed: 7 February 2017

Brunswick County, No. 15 CVS 112

JACKSON/HILL AVIATION, INC., Plaintiff,

v.

TOWN OF OCEAN ISLE BEACH; DEBBIE S. SMITH, MAYOR; DAISY IVEY, TOWN ADMINISTRATOR; LARRY SELLERS, ASSISTANT TOWN ADMINISTRATOR; D.B. GRANTHAM, COMMISSIONER; R. WAYNE ROWELL, COMMISSIONER; BETTY WILLIAMSON, COMMISSIONER; BOB WILLIAMS, COMMISSIONER; and DEAN WALTERS, COMMISSIONER, Defendants.

Appeal by plaintiff from order and judgment entered 2 November 2015 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 3 October 2016.

*Thorp & Clarke, P.A., by F. Stuart Clarke, for plaintiff-appellant.*

*Crossley, McIntosh, Collier, Hanley & Edes, PLLC, by Clay Allen Collier, for defendants-appellees.*

DIETZ, Judge.

This case concerns the operation of a small airport in the town of Ocean Isle Beach. Jackson/Hill Aviation, Inc. contracted with the town to operate the airport. A dispute later broke out because Jackson/Hill did not always staff the airport with an employee. Ocean Isle Beach asserted that the provisions of a town ordinance require the airport to be staffed during normal business hours and that the contract

requires Jackson/Hill to comply with that ordinance. Thus, the town argued, Jackson/Hill breached the contract.

After the town took over control of the airport and locked Jackson/Hill out, the company sued. Ocean Isle Beach moved to dismiss, pointing to Jackson/Hill's admission in the complaint that it did not staff the airport during all normal business hours, to the terms of the contract (attached to the complaint), and to the terms of the town's ordinance, which the town attached to its motion to dismiss. The trial court granted the motion and dismissed all claims.

We reverse. The town's ordinance is not mentioned in the complaint, and it is well-settled that courts "cannot take judicial notice of the provisions of municipal ordinances." *McEwen Funeral Serv., Inc. v. Charlotte City Coach Lines, Inc.*, 248 N.C. 146, 150–51, 102 S.E.2d 816, 820 (1958). Because all of the town's arguments for dismissal require consideration of the terms of the ordinance, dismissal under Rule 12(b)(6) was improper. Moreover, even if the ordinance could be considered at the pleadings stage, Jackson/Hill asserts waiver and estoppel arguments that would preclude judgment as a matter of law at the pleadings stage. Accordingly, we reverse the trial court and remand for further proceedings consistent with this opinion.

## Facts and Procedural History

Jackson/Hill Aviation, Inc. operated a small airport on property it leased from the Town of Ocean Isle Beach. In 2014, the parties began to dispute the scope of the

contract and, in particular, whether the contract required Jackson/Hill to staff the airport with at least one employee during all normal business hours. The contract, which is attached to the complaint, provides as follows:

> Both parties anticipate that the property shall be used as a fixed based [*sic*] operation, with fuel services and other services as may be reasonable due to the traffic and clientele demands. . . . LESSOR agrees that the structure, while intended to permit it to operate a business for the repair, maintenance, painting, refurbishing, tooling and retooling and outfitting of aircraft shall be open and operational during regular business hours based upon the following schedule:
>
> a) From Good Friday of each year through Labor Day, Monday through Saturday from 9:00 a.m. until 5:00 p.m.;
>
> b) At all other times of the year the facility will be open from 9:00 a.m. until 5:00 p.m. on Saturday and Sunday of each week;
>
> c) The facility will provide a fuel operation that will provide fuel at all times of the day and night, every day of the year;
>
> d) The facility will provide for access to a restroom and a telephone for pilots who will be provided with a means to gain safe access to the facility that is in keeping with general FAA rules and regulations.
>
> . . .
>
> TENANT shall, at all times, in the use and occupancy of the Demised Premises and the performance of this lease, comply with all State, Federal and local governmental laws, regulatory, statutory or other, rules or

regulations applicable to the use and occupancy of the Demised Premises . . . .

A town ordinance, which Ocean Isle Beach attached to its motion to dismiss, states as follows:

Regulations governing minimum requirements for all fixed base operations.

(a) [*Full-time business.*] All fixed base operations at the airport shall be a full-time business, with manned office facility at the airport during business hours. No fixed base operator shall be allowed to operate on the airport without a fully executed lease agreement with the owner.

(brackets in original).

Ultimately, the town asserted that Jackson/Hill breached the contract. Town officials changed the locks on the airport facilities and took over all operations.

Jackson/Hill sued the town and various town officials for wrongful eviction, wrongful termination of the lease, breach of the covenant of quiet enjoyment, unfair and deceptive trade practices, tortious interference with contract, trespass, interference with use and enjoyment of property, and claims for declaratory and injunctive relief.

Ocean Isle Beach moved to dismiss the complaint for failure to state a claim on which relief could be granted. The trial court granted the motion and dismissed all claims. Jackson/Hill appealed. As initially filed, the record on appeal indicated that the appeal was untimely. After this Court requested supplemental briefing

concerning our jurisdiction, Jackson/Hill supplemented the record with documents indicating the appeal was timely.

## Argument

Jackson/Hill argues that dismissal was improper because its complaint properly states claims against the town and its officials. We agree.

"This Court reviews the grant of a Rule 12(b)(6) motion to dismiss *de novo*." *Shannon v. Testen*, __ N.C. App. __, __, 777 S.E.2d 153, 156 (2015). "We examine whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Id.* "Dismissal is only appropriate if it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim."[1] *Id.*

The town does not dispute that the complaint, standing alone, properly states a claim with respect to each cause of action. But the town argues that the allegations in the complaint, combined with the terms of a town ordinance, demonstrate that Jackson/Hill cannot prove any set of facts that would entitle it to recover.

Specifically, the town points to the provision in its ordinances stating that "[a]ll fixed base operations at the airport shall be a full-time business, with manned office

---

[1] In a single filing, the town moved to dismiss under Rule 12(b)(6) and moved for judgment on the pleadings under Rule 12(c). Because the town had not yet filed an answer, the pleadings were not "closed" and thus a Rule 12(c) motion was not yet available. *See Carpenter v. Carpenter*, 189 N.C. App. 755, 762, 659 S.E.2d 762, 767 (2008). Thus, we review the dismissal order as one allowed solely under Rule 12(b)(6).

facility at the airport during business hours." The lease agreement, which is attached to the complaint and thus can be considered on a motion to dismiss, contains a provision requiring Jackson/Hill to "comply with all State, Federal and local government laws, regulatory, statutory or other, rules or regulations applicable to the use and occupancy" of the airport. The town argues that, because Jackson/Hill admits in the complaint that it did not staff the airport with an employee "during business hours," the facts alleged in the complaint (when considered along with the relevant terms of the contract and the ordinance) defeat Jackson/Hill's claims, all of which depend on Jackson/Hill proving that it did not breach the terms of the lease.

There is an obvious (and fatal) flaw in the town's reasoning: the complaint does not allege the existence of the town ordinance or describe what that ordinance says. At the motion to dismiss stage, the trial court (and this Court) may not consider evidence outside the four corners of the complaint and the attached contract. *Weaver v. Saint Joseph of the Pines, Inc.*, 187 N.C. App. 198, 203–04, 652 S.E.2d 701, 707 (2007).

The town notes that courts may use judicial notice "to consider laws, administrative regulations, important public documents and a range of miscellaneous facts" and suggests that this is precisely what the trial court did when it considered the ordinance below. But, as the town then concedes in the following paragraph of its brief, our Supreme Court repeatedly has held that courts "cannot take judicial

notice of the provisions of municipal ordinances." *McEwen Funeral Serv., Inc. v. Charlotte City Coach Lines, Inc.*, 248 N.C. 146, 150–51, 102 S.E.2d 816, 820 (1958).

The town also argues that it attached the ordinance to its motion to dismiss and thus the ordinance appears "in the Record before this Court." But the fact that the ordinance is in the *appellate record* is irrelevant. What matters is whether the terms of the ordinance properly could be considered by the trial court *at the pleadings stage* under Rule 12(b)(6). Perhaps the most fundamental concept of motions practice under Rule 12 is that evidence outside the pleadings—such as a document attached to a motion to dismiss—cannot be considered in determining whether the complaint states a claim on which relief can be granted. *See Weaver*, 187 N.C. App. at 203, 652 S.E.2d at 707.

Simply put, the town's ordinance cannot be considered on a motion to dismiss under Rule 12(b)(6). Because all of the town's arguments require us to consider the ordinance, we must reject those arguments.

We also note that, even if we agreed with the town's interpretation of the contract and could consider the terms of the town's ordinance, that would not end this case. Jackson/Hill argues that the town waived application of the portions of the contract concerning the ordinance. *See Wheeler v. Wheeler*, 299 N.C. 633, 639, 263 S.E.2d 763, 766–67 (1980). It also argues that the town is estopped from using the ordinance against it in light of the terms of the contract and statements and actions

by town officials. *See Parkersmith Props. v. Johnson*, 136 N.C. App. 626, 632–33, 525 S.E.2d 491, 495–96 (2000). Thus, many legal issues remain to be resolved before final judgment may be entered in this case.

## Conclusion

The trial court erred by granting Ocean Isle Beach's motion to dismiss for failure to state a claim and alternative motion for judgment on the pleadings. We reverse the trial court's order and judgment and remand for further proceedings.

REVERSED AND REMANDED.

Chief Judge McGEE and Judge TYSON concur.