DIETZ, Judge.
 

 *554
 

 *425
 
 Alexander Julian brought this class action lawsuit against the University of North Carolina Health Care System after a visit to one of the system's hospitals. The hospital charges for operating room time in half-hour increments. Julian alleges that this billing practice permits the hospital to overcharge patients-Julian, for example, was in the operating room for approximately two hours and four minutes but the hospital billed him for two and a half hours of operating room time. This, Julian claims, is a breach of the contract between the hospital and its patients.
 

 The trial court dismissed Julian's complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted. As explained below, we affirm that ruling. Julian asserts that N.C. Gen. Stat. § 131E-273 -a statute he believes is incorporated by law into his contract with the hospital-bars healthcare providers from charging for a "component of any health care procedure that was not performed or supplied." Julian contends that the hospital violated this statute by charging him for time when he was not actually in the operating room.
 

 But even assuming that this statute is part of the contract and means what Julian claims (the hospital disputes both these points), the "component" of a healthcare procedure at issue here is a half-hour block of operating room time. The hospital supplied that component to Julian, although he did not use it in full. This is no different from charging a patient for a bag of solution used in an intravenous fluid drip even though the patient does not use every drop of fluid in the bag. The plain language of N.C. Gen. Stat. § 131E-273 permits a hospital to bill for these types of components of a procedure even if they are only partially used.
 

 Julian's express contract claim fails for a similar reason: the terms of the contract state that operating room time is billed in "half hour increments" even if only a portion of that final half hour block is used. This means the hospital billed Julian precisely as the contract required. Accordingly, Julian's claims fail as a matter of law and the trial court properly dismissed them under Rule 12(b)(6).
 

 Facts and Procedural History
 

 On 17 October 2014, Alexander Julian, III arrived at the UNC Ambulatory Surgery Center in Chapel Hill for outpatient surgery. Before beginning his surgery, Julian entered into a contract with the hospital. Julian concedes that this contract included a document that the parties refer to as the "O.R. Charge Rules," although Julian did not receive a copy of that particular document before his surgery. The O.R. Charge Rules establish the rates the hospital will charge for operating room services. The rules state that the hospital charges patients for operating
 
 *426
 
 room time "based on half hour increments with time measured from the time the patient enters the room until the patient leaves the room." The charge rules also state that "[i]f the procedure goes into the next time increment, the charge is for the next increment of time."
 

 In January 2015, Julian received a non-itemized bill from the hospital for his surgery. The bill was much higher than Julian expected, so he contacted the hospital for additional information. In February 2015, the hospital sent Julian a letter explaining that his total operating room time was "2 hours and 4 minutes" and "OR time is charged in 30 minutes [sic] increments, making 2 hours and 4 minutes fall between the OR time charge of 2:01 to 2:30 hours." Although Julian concedes in this lawsuit that he agreed to be bound by the terms of the O.R. Charge Rules when he signed the contract with the hospital, the parties also acknowledge that Julian did not receive a copy of the O.R. Charge Rules when he signed the contract and agreed to be bound by its terms. As a result, when Julian received this response from the hospital, it was the first time Julian
 
 *555
 
 learned that the hospital billed for operating room time in half-hour increments.
 

 In 2016, Julian filed a putative class action against the University of North Carolina Health Care System, alleging claims for breach of contract, breach of implied-in-fact contract, and breach of the implied covenant of good faith and fair dealing. The complaint also requested a declaratory judgment and injunctive relief. The hospital moved to dismiss the complaint under Rules 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure. After a hearing, the trial court granted the hospital's motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim on which relief could be granted. Julian timely appealed.
 

 Analysis
 

 The basis of this breach of contract action is the hospital's practice of charging for operating room time in half-hour increments. Julian was in the hospital operating room for slightly more than two hours and billed for two hours and thirty minutes of operating room usage. Julian alleges that, as a result of this practice, he was charged for twenty-six to twenty-eight minutes of operating room time when he was not actually in the operating room receiving medical care.
 

 The trial court dismissed Julian's claims under Rule 12(b)(6) for failure to state a claim on which relief can be granted. We review that ruling
 
 de novo
 
 , examining "whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted
 
 *427
 
 under some legal theory."
 
 Jackson/Hill Aviation, Inc. v. Town of Ocean Isle Beach
 
 , --- N.C. App. ----, ----,
 
 796 S.E.2d 120
 
 , 123 (2017).
 

 Julian first contends that the hospital's operating room billing practice violates N.C. Gen. Stat. § 131E-273, a statute that he contends is incorporated into the terms of the parties' contract. Section 131E-273 prohibits health care providers from charging patients for any component of a health care procedure that was not actually performed or supplied:
 

 It shall be unlawful for any provider of health care services to charge or accept payment for any health care procedure or component of any health care procedure that was not performed or supplied. If a procedure requires the informed consent of a patient, the charge for any component of the procedure performed prior to consent being given shall not exceed the actual cost to the provider if the patient elects not to consent to the procedure.
 

 N.C. Gen. Stat. § 131E-273. Julian argues that the hospital's practice of billing for operating room time in half-hour increments violates this statute because, unless the patient was in the operating room for every minute of that half-hour block of time, the hospital necessarily charged the patient for some operating room time that was not actually supplied to the patient.
 

 Even assuming this statutory provision is incorporated into the contract between Julian and the hospital-an issue we need not reach today-we reject Julian's argument that the hospital's billing practice violates this provision. The flaw in Julian's legal theory is that the half-hour blocks of operating room time
 
 are
 
 the components for which he was charged.
 

 The term "component" and the phrase "component of any health care procedure" are not defined in N.C. Gen. Stat. § 131E-273 or anywhere else in that chapter of the General Statutes. Thus, we give those words their plain meaning.
 
 Midrex Techs., Inc. v. N.C. Dep't of Revenue
 
 ,
 
 369 N.C. 250
 
 , 258,
 
 794 S.E.2d 785
 
 , 792 (2016). A "component" is "a constituent part" or "one of the parts of something." Merriam-Webster Dictionary (2018). A "procedure" is "a medical treatment or operation."
 

 Id.
 

 Applying this plain meaning of the statute, the intermediate steps within a complete healthcare procedure certainly are components of the overall procedure. In a cancer surgery, for example, those components
 
 *428
 
 might include administering the anesthesia, making the incision, removing the tumor, and so on. Julian contends that the statute also governs the
 
 material
 
 components used in the surgery-the operating room, the surgical instruments, the gauze, etc.
 

 But even if we assume that the statute covers charges associated with the material
 
 *556
 
 components used in a healthcare procedure, that is precisely what the hospital did here. The statute prohibits healthcare providers from charging for components that were not "supplied"-it does not prohibit charging for components that were supplied but were only partially used during the procedure. Consider, for example, a hospital that charges patients for the bags of solution used for an intravenous fluid drip. Under Julian's theory, if a patient used only a portion of the fluid in the bag before being disconnected from the IV, the hospital would violate N.C. Gen. Stat. § 131E-273 by charging the patient for the bag.
 

 That it not a reasonable interpretation of what this statute renders unlawful. To be sure, if the hospital never provided the patient with a bag of IV solution during the procedure, it could not charge the patient for one. But if the hospital used the bag during the procedure, it does not violate N.C. Gen. Stat. § 131E-273 by charging the patient for it, even if some portion of the solution in the bag went unused.
 

 The same is true for time in the operating room. The hospital provides access to the operating room for patients in half-hour blocks of time. Those blocks of time are components of the healthcare procedure. Although Julian did not use the entire final half-hour block of time, he used some of that component, just as a patient connected to an IV fluid drip might use some of the solution in a fluid bag, but not all of it. Thus, the statute, by its plain terms, permitted the hospital to charge Julian for that last half-hour block of time because that was a component of the procedure supplied to Julian. Accordingly, the trial court did not err in determining that Julian's claim for breach of contract based on a violation of N.C. Gen. Stat. § 131E-273 fails as a matter of law.
 

 Julian next argues that the hospital breached the parties' contract because the contract states that the patient will only be charged for "clinic facility, drugs, and drug administration, and any tests
 
 you receive during your visit
 
 " and that the patient will be charged for use of the operating room based "on the amount of time the OR is
 
 used.
 
 " (Emphasis added). Julian contends that the hospital breached these provisions because he "was billed for 28 minutes of operating room time" that he did not actually receive or use.
 

 *429
 
 This argument fails because the language of the contract, which is incorporated into the complaint, expressly refutes it.
 
 [1]
 
 The provision of the contract governing charges for operating room time states that patients will be billed "based on the amount of time the OR is used" but then immediately follows that statement with the explanation that "[t]he charge is based on half hour increments":
 

 1. OR Time Charges
 

 Definition - The charge for the use of the operating room is currently based on the amount of time the OR is used, regardless of OR site.
 
 The charge is based on half hour increments with time measured from the time the patient enters the room until the patient leaves the room.
 
 (Total time from 1-30 minute is the first step, 31-60 minutes the second, etc.).
 

 Calculation of Charge - A specified or set charge based upon the length of the case is established for each ½ hour increment of time. If the procedure goes into the next increment, the charge is for the next increment of time ...
 

 (Boldface in original).
 

 In other words, the parties' contract states that it is based on "time the OR is used" but defines how that use is calculated as being in "half hour increments." Julian's complaint alleges that he was billed in half hour increments, and that, after spending approximately two hours and two to four minutes in the operating room, was billed for five half-hour increments. This is precisely what the contract requires. Accordingly, the trial court properly determined that this breach of contract claim also fails as a matter of law.
 

 *557
 
 We acknowledge that it is healthcare providers, not patients, who choose how to draw these lines. Here, for example, the hospital decided to use half-hour increments instead of, say, 10-minute increments, or 5-minute ones. Julian certainly believes that smaller increments would be more reasonable, and many other patients likely would agree. But Julian concedes that he is not challenging (and cannot challenge) the
 
 *430
 
 reasonableness of that decision because our precedent precludes that claim.
 
 See
 

 Shelton v. Duke Univ. Health Sys.
 
 ,
 
 179 N.C. App. 120
 
 , 123,
 
 633 S.E.2d 113
 
 , 115 (2006).
 

 Julian also argues that the hospital's billing practice permits it to "double bill" patients and inflate healthcare costs. In Julian's case, for example, he left the operating room and went to a recovery room, resulting in charges for "being in two places at the same time." But this is a policy argument, not a contract one. If the parties to a contract assent to a billing structure that permits "double billing" or billing for time "in two places at once," it is not a breach of contract when that type of billing occurs-that is the nature of freedom of contract. If Julian believes that hospitals ought to be prohibited from offering these contract terms to their patients, he must take that up with the other branches of government. The role of the courts is limited to interpreting contract law as it exists, not to rewriting it to rein in rising healthcare costs.
 
 Fagundes v. Ammons Dev. Grp., Inc
 
 ., --- N.C. App. ----, ----,
 
 796 S.E.2d 529
 
 , 533 (2017).
 

 In sum, because Julian's contract claims failed to state a claim on which relief could be granted as a matter of law, the trial court properly dismissed them under Rule 12(b)(6). And, because Julian's remaining claims all necessarily depend on the breach of contract claims (and Julian does not contend otherwise on appeal), the trial court properly dismissed the complaint in its entirety.
 
 [2]
 
 We therefore affirm the trial court's order.
 

 Conclusion
 

 For the reasons explained above, we affirm the trial court's order.
 

 AFFIRMED.
 

 Judges STROUD and MURPHY concur.
 

 [1]
 

 Although the O.R. Charge Rules were not attached to Julian's complaint, Julian concedes that this document is part of the contract that is the subject matter of the lawsuit and thus the trial court properly considered it when evaluating the hospital's Rule 12(b)(6) motion.
 
 Oberlin Capital, L.P. v. Slavin
 
 ,
 
 147 N.C. App. 52
 
 , 60-61,
 
 554 S.E.2d 840
 
 , 847 (2001).
 

 [2]
 

 Julian's appellate brief only addresses the two contract arguments analyzed in this opinion. Thus, even if there were other arguments that could be made with respect to the remaining claims, Julian abandoned those arguments by failing to raise them in his brief.
 
 See
 
 N.C. R. App. P. 28(b)(6).