Davis v. Davis Funeral Serv., Inc., 2022 NCBC 38.

STATE OF NORTH CAROLINA

UNION COUNTY

WESTON DAVIS,

        Plaintiff,

v.

DAVIS FUNERAL SERVICE, INC.;
ROBERT L. MORGAN, III, President
(as an officer of Davis Funeral
Service, Inc.); PHILLIP TILLMAN,
Vice President (individually and as
an officer of Davis Funeral Service,
Inc.); and ROBIN H. MORGAN,
Secretary (as an officer of Davis
Funeral Service, Inc.),

        Defendants/Third-
Party Plaintiffs,

v.

DEIDRA TEDDER,

        Third-Party
Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 583

**ORDER AND OPINION
ON MOTION TO DISMISS
THIRD-PARTY COMPLAINT**

*Brown & Associates, PLLC, by Donald Mitchell Brown, for Plaintiff Weston Davis.*

*Burns, Gray & Gray, by John T. Burns and Christopher A. Gray, for Defendants Davis Funeral Service, Inc., Robert Morgan, Phillip Tillman, and Robin Morgan.*

*Villmer Caudill, PLLC, by Bo Caudill, for Third-Party Defendant Deidre Tedder.*

Conrad, Judge.

1. This case arises out of a dispute over the management of Davis Funeral Services, Inc. Weston Davis sued the company and its officers based on allegations that he was unfairly ousted from his position as president. In response, Davis

Funeral Services has counterclaimed and accused Davis of self-dealing. It has also filed a third-party complaint against Deidre Tedder (mistakenly called "Deidra" in the pleading). The third-party claims are the subject of this Order.

2. The allegations against Tedder are succinct. She and Davis are supposedly good friends. He hired her in October 2020 to serve as corporate secretary for Davis Funeral Services. The two allegedly then began misusing corporate assets for their personal benefit. According to Davis Funeral Services, Tedder bought one of the company's vehicles at a steep discount and paid for her daily meals with company funds. There are two claims for relief: one for breach of fiduciary duty and another for embezzlement. (*See* Third-Party Compl. 9–11, ECF No. 4.)

3. Tedder has moved to dismiss both third-party claims under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. (ECF No. 10.) Davis Funeral Services has not filed a response brief, and the time to do so has passed. By rule, the motion is deemed "uncontested," BCR 7.6, and the Court elects to decide it without a hearing, BCR 7.4.

4. North Carolina remains a notice pleading jurisdiction. All that is required of a complaint is a "short and plain statement of the claim" being asserted. N.C. R. Civ. P. 8(a)(1). In deciding whether the third-party complaint states a claim for relief, the Court must take its allegations as true and view the facts and permissible inferences in the light most favorable to Davis Funeral Services as the nonmoving party. *See, e.g.*, *Sykes v. Health Network Sols., Inc.*, 372 N.C. 326, 332 (2019).

5.     Under this liberal standard, Davis Funeral Services has adequately alleged its claims.  Breach of fiduciary duty requires the existence of a fiduciary duty, a breach of that duty, and injury proximately caused by the breach.  *See Green v. Freeman*, 367 N.C. 136, 141 (2013).  Embezzlement includes conversion of company property by a corporate officer.  *See* N.C.G.S. § 14-90(b); *see also State v. Speckman*, 326 N.C. 576, 578 (1990).  Here, Davis Funeral Services alleges that Tedder was its corporate secretary, owed a fiduciary duty as an officer, and wrongfully took money and other property received in the course of her employment.  (*See* Third-Party Compl. 9–11.)  These allegations, though not detailed, are minimally sufficient to state a claim for relief.

6.     Each of Tedder's arguments for dismissal is off target.  She relies, for example, on a document outside the third-party complaint to show that she was an administrative employee rather than a corporate officer and that she bought the disputed vehicle from Davis Funeral Services before working there.  (*See* Tedder's Ex. A, ECF No. 12.1.)  "Perhaps the most fundamental concept of motions practice under Rule 12 is that evidence outside the pleadings . . . cannot be considered in determining whether the complaint states a claim on which relief can be granted." *Jackson/Hill Aviation, Inc. v. Town of Ocean Isle Beach*, 251 N.C. App. 771, 775 (2017).  The Court therefore does not consider this evidence.

7.     Next, Tedder speculates that the company's bylaws may have altered her responsibilities and, thus, narrowed any fiduciary duty owed as corporate secretary.  At this stage, however, the Court must take all inferences in favor of Davis Funeral

Services, not Tedder. An officer owes statutory duties of loyalty and due care to the corporation. *See* N.C.G.S. § 55-8-42(a). Davis Funeral Services has alleged that Tedder was its corporate secretary and that she therefore owed these duties. It was not required to describe her responsibilities fully or with particularity. Whether Tedder held "a title and not an actual office" is a question for discovery and not suited to a Rule 12(b)(6) motion. *Morris v. Scenera Rsch. LLC*, 2012 NCBC LEXIS 1, at *31 (N.C. Super. Ct. Jan 4, 2012); *see also Addison Whitney, LLC v. Cashion*, 2017 NCBC LEXIS 51, at *13–14 (N.C. Super. Ct. June 9, 2017) ("The Court is unaware of any case dismissing a breach of fiduciary duty claim against individuals with similar titles and authority at the 12(b)(6) stage.").

8. Finally, Tedder argues that Davis authorized her use of company property, such that it was neither embezzlement nor a breach of fiduciary duty. But the third-party complaint does not expressly allege that Davis authorized Tedder's meal purchases. Rather, it simply alleges that both Davis and Tedder used company funds for that purpose. And in any event, it is far from clear that Davis's authorization would exonerate Tedder. The thrust of the third-party complaint is that both Davis and Tedder misused company assets for personal gain. Tedder has not explained why self-dealing by two corporate officials together is any less wrongful than self-dealing by one alone.

9. For all these reasons, the Court **DENIES** Tedder's motion to dismiss.

**SO ORDERED**, this the 20th day of July, 2022.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases