IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-561

Filed 21 February 2023

Union County, Nos. 18CRS054283, 18CRS054344-45

STATE OF NORTH CAROLINA

v.

DEREK JVON MILLER

Appeal by Defendant from judgment entered 10 December 2021 by Judge Jonathan Wade Perry in Union County Superior Court. Heard in the Court of Appeals 25 January 2023.

*Attorney General Joshua H. Stein, by Assistant Attorney General Donna B. Wojcik, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katy Dickinson-Schultz, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Derek Jvon Miller appeals from judgment entered upon a jury verdict of guilty of attempted first degree murder, going armed to the terror of the people, possession of a handgun by a minor, and discharge of a firearm within city limits in violation of a city ordinance. Defendant contends that the trial court erred by failing to make sufficient findings of fact to justify closing the courtroom and by denying Defendant's motion to dismiss the charge of discharging a weapon within city limits. We hold that the trial court erred by closing the courtroom without

making the requisite findings of fact and by denying Defendant's motion to dismiss the charge of discharging a weapon within city limits, in violation of Monroe's ordinance.

## I. Factual Background and Procedural History

The evidence at trial tended to show the following: On 19 August 2018, Neqayvius McLendon, his brother Nyhiem Kendall, and his friend Oaklen Starnes were walking to a neighborhood basketball court when a car with four occupants drove up beside them. All of the occupants were armed, and Defendant was seated in the front passenger seat. The car drove down the block a little bit, and McLendon, Kendall, and Starnes began walking away. As the car began to drive away, Defendant leaned out of the passenger window and began shooting. One of the bullets hit McLendon in the back, striking his liver before exiting through the center of his chest.

Defendant was indicted for attempted first degree murder, going armed to the terror of the people, attempted robbery with a dangerous weapon, possession of a handgun by a minor, and discharge of a firearm within city limits in violation of a city ordinance. Defendant moved to dismiss all charges at the close of the State's evidence, and the trial court granted the motion as to the attempted robbery charge. The jury found Defendant guilty of the remaining charges. The trial court consolidated Defendant's convictions and sentenced him within the presumptive range to 144 to 185 months' imprisonment. Defendant timely appealed.

## II.  Discussion

### A. Motion to Close the Courtroom

Defendant contends that his constitutional right to a public trial was violated because the trial court closed the courtroom without engaging in the four-part test set forth in *Waller v. Georgia*, 467 U.S. 39 (1984).

"We review alleged violations of constitutional rights *de novo*." *State v. Gettys*, 243 N.C. App. 590, 593, 777 S.E.2d 351, 354 (2015) (citation omitted).

The Sixth Amendment of the United States Constitution and Article I, Section 18, of the North Carolina Constitution guarantee a criminal defendant the right to a public trial. "The violation of the constitutional right to a public trial is a structural error, not subject to harmless error analysis." *State v. Rollins*, 221 N.C. App. 572, 576, 729 S.E.2d 73, 77 (2012) (citations and quotation marks omitted). "Although there is a strong presumption in favor of openness, the right to an open trial is not absolute . . . ." *State v. Comeaux*, 224 N.C. App. 595, 599, 741 S.E.2d 346, 349 (2012) (citation and quotation marks omitted). "[T]he right to an open trial may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Id.* (quoting *Waller*, 467 U.S. at 45).

Accordingly, within the bounds of these constitutional principles, a trial court "may impose reasonable limitations on access to the courtroom when necessary to ensure the orderliness of courtroom proceedings or the safety of persons present."

N.C. Gen. Stat. § 15A-1034(a) (2021). Additionally, the trial court may order that all persons in the courtroom "be searched for weapons or devices that could be used to disrupt or impede the proceedings[,]" but such order "must be entered on the record." *Id.* § 15A-1034(b) (2021).

Before closing the courtroom, "the trial court must determine if the party seeking closure has advanced an overriding interest that is likely to be prejudiced, order closure no broader than necessary to protect that interest, consider reasonable alternatives to closing the procedure, and make findings adequate to support the closure." *State v. Jenkins*, 115 N.C. App. 520, 525, 445 S.E.2d 622, 625 (1994) (citing *Waller*, 467 U.S. at 48). "[W]hile the trial court need not make exhaustive findings of fact, it must make findings sufficient for this Court to review the propriety of the trial court's decision to close the proceedings." *Rollins*, 221 N.C. App. at 579, 729 S.E.2d at 79 (citation omitted).

Here, the State made a pre-trial motion to close the courtroom during McLendon and Kendall's testimony, stating the following rationale for closure:

> Number one, determine whether the party seeking closure has advanced an overriding interest that is likely to be prejudiced. We would state that we have in that the interests of our witnesses being safe outside of the courtroom as well as being -- us being able to go forward with this case without there being any type of intimidation of them while they are possibly on the stand is the prejudice that we are trying to overcome or want to overcome.
>
> An order of closure -- second, order of closure no broader

than necessary to protect that interest. We're not asking that the entire courtroom be closed for the entire trial. Just be closed when those two young men take the stand.

Also consider -- and then consider reasonable alternative[s] to closing the proceeding and make findings which support the closure. I don't know of any other reasonable alternative. We can, of course, take phones and things like that. I think in my motion we ask that that be done as well of Mr. Miller, the Court hold the phone until or at least after those two young men testify, if he has his phone with him, to make sure there's no recordings or anything like that . . . .

Defendant objected, asserting that closing the courtroom would violate his Sixth Amendment right to a public trial. The trial court held the ruling open at that time to review exhibits from a prior hearing to increase Defendant's bond for potential witness intimidation. A bench conference was held at the end of the day, and the trial court stated the following synopsis on the record:

[M]y resolution at this point, unless circumstances change, is for direct relatives of Mr. Miller to stay in the courtroom during those two witnesses. Anybody not directly related to him will be outside the courtroom. And deputies, after my admonition for no cell phone use, will keep an eye on anybody in the courtroom and their use of cell phones. And that will be true for any State witnesses as well, Mr. Collins, or speculators. So anybody who's not a direct relative of Mr. Miller or Mr. Purser, they will be asked to step outside during those two witnesses' examinations.

The trial court's written order entered on 30 November 2021 states:

STATE'S MOTION TO CLOSE COURTROOM TO PUBLIC FOR THE TESTIMONY OF NEQUAVIUS (sic) MCLENDON AND NYHIEM KENDALL, OBJECTION BY DEFENDANT ~ GRANTED, RELATIVES OF THE DEFENDANT AND LEAD INVESTIGATOR KYLE

PURSER MAY STAY IN THE COURTROOM. ALL CELLPHONES EXCEPT FOR COURT PERSONNEL ARE NOT ALLOWED IN THE COURTROOM OR MAY BE PUT ON FRONT COUNTER.

Because the trial court closed the courtroom to the public, it was required to utilize the four-part *Waller* test to determine whether closure was appropriate and to "make findings sufficient for this Court to review the propriety of the trial court's decision to close the proceedings." *Rollins*, 221 N.C. App. at 579, 729 S.E.2d at 79 (citation omitted). The trial court's written order does not include any findings of fact, and the only oral finding of fact the trial court made was that "the [c]ourt is concerned because of the documents I've reviewed with there being some social media posts and things like that . . . ." The trial court did not utilize the four-part *Waller* test before closing the courtroom, and its finding of fact is inadequate to support closure. *Cf. Comeaux*, 224 N.C. App. at 603, 741 S.E.2d at 351 ("We believe these findings of fact show that the State advanced an overriding interest that was likely to be prejudiced; that the closure of the courtroom was no broader than necessary to protect the overriding interest; that the trial court considered reasonable alternatives to closing the courtroom; and that the trial court made findings adequate to support the closure.").

"Given the limited closure in the present case and the fact that the trial court did not utilize the *Waller* four-part test, . . . the proper remedy is to remand this case for a hearing on the propriety of the closure" during McLendon and Kendall's

testimony. *Rollins*, 221 N.C. App. at 580, 729 S.E.2d at 79. On remand, the trial court must engage in the four-part *Waller* test and make the appropriate findings of fact in an order regarding the necessity of the closure. *Id.* If the trial court determines that the closure was not justified, then Defendant is entitled to a new trial. *Id.* If the trial court determines that the closure was justified, then Defendant may seek review of the trial court's order by means of an appeal from the judgment that the trial court will enter on remand following the resentencing hearing as set out in the next section of this opinion. *Id.*

**B. Discharging a Firearm within City Limits**

Defendant next contends that the charge of discharging a weapon within Monroe city limits should have been dismissed because neither the arrest warrant nor the indictment contained the caption of the ordinance and the State failed to prove the ordinance at trial. We agree.

"We review a trial court's denial of a motion to dismiss *de novo*." *State v. Thomas*, 268 N.C. App. 121, 131, 834 S.E.2d 654, 662 (2019) (citation omitted). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Hicks*, 243 N.C. App. 628, 639, 777 S.E.2d 341, 348 (2015) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Fritsch*, 351

STATE V. MILLER

*Opinion of the Court*

N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Ingram*, 283 N.C. App. 85, 88, 872 S.E.2d 148, 150 (2022) (citation and quotation marks omitted). "In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Wood*, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (citation omitted).

N.C. Gen. Stat. § 160A-79(a) provides that "[i]n all civil and criminal cases a city ordinance that has been codified in a code of ordinances adopted and issued in compliance with G.S. 160A-77 must be pleaded by both section number and caption." N.C. Gen. Stat. § 160A-79(a) (2018). Furthermore, N.C. Gen. Stat. § 8-5 states that "[i]n a trial in which the offense charged is the violation of a town ordinance, a copy of the ordinance alleged to have been violated, proven as provided in G.S. 160A-79, shall be prima facie evidence of the existence of such ordinance." N.C. Gen. Stat. § 8-5 (2021). It is well-established that a court "cannot take judicial notice of the provisions of municipal ordinances." *Jackson/Hill Aviation, Inc. v. Town of Ocean Isle Beach*, 251 N.C. App. 771, 775, 796 S.E.2d 120, 123 (2017) (citation and quotation marks omitted).

Section 130.02(a) of the Monroe Code of Ordinances is captioned "Firearms and other weapons" and states, "Subject to divisions (B), (C), and (D) of this section, no

person may fire, discharge or shoot within the city any rifle, shotgun, handgun or other firearm, bow and arrow, or similar contrivance." Monroe, N.C., Code of Ordinances § 130.02(a) (2018).

Here, the arrest warrant for discharging a firearm within city limits stated that there was probable cause to believe that Defendant "unlawfully and willfully did FIRE, DISCHARGE, OR SHOOT WITHIN THE CITY A HANDGUN.MONROE CITY ORDINANCE 130.02[.]" Furthermore, the indictment charged that Defendant "unlawfully and willfully did fire, discharge or shoot within the city a handgun, a Monroe City Ordinance 130.02." The indictment and arrest warrant did not contain the caption of the city ordinance, as required by N.C. Gen. Stat. § 160A-79(a). The State likewise did not prove the ordinance at trial. *See In re Jacobs*, 33 N.C. App. 195, 197, 234 S.E.2d 639, 641 (1977) ("The ordinance was clearly not proven at trial and the record does not contain a caption. Respondent's motion to quash the petition based on violating 'City Code 15-2' should have been allowed.").

Accordingly, the trial court erred by denying Defendant's motion to dismiss the charge of discharging a weapon within city limits in violation of Monroe's ordinance.

### III. Conclusion

Because the trial court failed to utilize the *Waller* four-part test and make adequate findings of fact in an order to support closing the courtroom to the public, we remand for a hearing on the propriety of the closure. If the trial court determines that the closure was not justified, then Defendant is entitled to a new trial. If the

trial court determines that the closure was justified, then Defendant may seek review of the trial court's order by means of an appeal from the judgment that the trial court will enter on remand following resentencing.

Furthermore, the trial court erred by denying Defendant's motion to dismiss the charge of discharging a weapon within Monroe city limits because the charging documents did not include the caption of the ordinance and the State failed to prove the ordinance at trial. Accordingly, we vacate Defendant's conviction of this charge and remand for resentencing.

REMANDED IN PART; VACATED AND REMANDED IN PART.

Judges ARROWOOD and WOOD concur.